989 F.2d 1202
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lucila B. GALVEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3085.
 United States Court of Appeals, Federal Circuit.
 Feb. 9, 1993.
Rehearing Denied April 14, 1993.
 
 Before LOURIE, CLEVENGER and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Lucila B. Galvez seeks review of the October 21, 1991 initial decision of the Administrative Judge (AJ), No. SE-0831-91-0503-I-1, which sustained the decision of the Office of Personnel Management (OPM) denying her application for a survivor's annuity under the Civil Service Retirement Act (CSRA). The AJ's decision became final when the Merit Systems Protection Board denied review on November 25, 1991. We affirm.
 
 DISCUSSION
 
 2
 Mrs. Galvez's claim is based upon the service of her husband, Leonardo P. Galvez, a former telephone installer and repairman at Clark Air Force Base in the Philippines. Mr. Galvez applied for disability retirement under the CSRA in 1951. He died on August 21, 1980, and Mrs. Galvez applied for survivor benefits on November 25, 1980.
 
 
 3
 OPM determined that Mr. Galvez, upon retirement, elected a full annuity, not a reduced annuity with benefits to his widow. The Board upheld OPM's decision, concluding that Mrs. Galvez failed to establish her entitlement to survivor benefits. The Board found that Mrs. Galvez presented no evidence to support her assertion that her husband's decision to decline a survivor annuity was mistaken. On appeal, Mrs. Galvez argues that the Board's decision was incorrect. However, she does not point to any evidence in the record to support her assertion.
 
 
 4
 We review the Board's decision under a narrow standard, affirming the judgment unless it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). The law in effect at the time of Mr. Galvez's retirement provided that an applicant for retirement could elect to receive a lifetime annuity or a reduced annuity with survivor benefits. 5 U.S.C. § 698(b) (Supp. IV 1946) (current version at 5 U.S.C. § 8341(b) (1988)).
 
 
 5
 Mrs. Galvez bears the burden of producing evidence to support her annuity claim, see Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987), a burden she has not met here. Under these circumstances, we conclude that the Board's findings were supported by substantial evidence.